NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICKIE JOE RAKES, JR.,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civ. No. 13-6460

**OPINION**

THOMPSON, U.S.D.J.

    Petitioner Rickie Joe Rakes, Jr. ("Petitioner"), a federal prisoner, has filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (ECF Nos. 1, 10). Respondent United States of America ("the Government") opposes. (ECF No. 19). The Court has issued the opinion below based on the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b).[1] For the reasons stated herein, the motion will be denied.

BACKGROUND

    Petitioner was convicted of dealing firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A) and (2), and of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Petitioner sold 28 firearms to a cooperating witness and undercover law enforcement in four separate transactions in June and July 2011. The

---

[1] While Section 2255 normally requires the Court to grant a hearing to determine the issues and make findings of fact and conclusions of law, such a hearing is not necessary if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In this case, the motion and the record conclusively show that Petitioner is entitled to no relief, so no hearing was held.

1

transactions were recorded on audio, as were additional phone calls discussing the transactions. After Petitioner was arrested on July 20, 2011, he immediately began cooperating with the Government by admitting to his own criminal activity, providing information regarding the criminal activity of others, and recording a call with a criminal associate.

Attorney Frank P. Arleo was then appointed to represent Petitioner. Petitioner subsequently entered into a cooperation agreement and plea agreement ("Plea Agreement") with the Government. As part of the Plea Agreement, Petitioner agreed that a sentence at offense level 27 of the U.S. Sentencing Guidelines would be reasonable. (Plea Agreement with Rickie Joe Rakes, Jr. ¶ 14, Ex. 1, ECF No. 19). Both parties agreed not to argue for any upward or downward departure outside the scope of the Plea Agreement. (*Id.* ¶ 15). Petitioner waived the right to appeal or collaterally attack any sentence imposed if the sentence fell within or below the recommended sentencing range of offense level 27. (*Id.* ¶ 16). The Plea Agreement also included stipulations as to the number of firearms involved in the various transactions. (*Id.* ¶¶ 4, 8).

Petitioner entered his plea on March 28, 2012. He then appeared before this Court for sentencing on October 12, 2012. The Court found that Petitioner was in criminal history category VI, with an applicable offense level of 27. (Tr. of Sentencing Hr'g 14, Ex. 3, ECF No. 19). This resulted in a recommended sentencing range of 130 to 162 months of incarceration. (*Id.*). However, as a result of Petitioner's cooperation with the Government, the Court sentenced Petitioner to only 96 months, well below the range suggested for offense level 27.[2]  (*Id.*). Judgment was entered on October 15, 2012. (Crim. No. 12-0214, ECF No. 17).

---

[2] For an offender in criminal history category VI such as Petitioner, a sentence of 96 months is equivalent to being sentenced at level 23. *See* U.S. Sentencing Guidelines Sentencing Table (U.S. Sentencing Comm'n 2012).

On October 15, 2013, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (ECF No. 1). Because Petitioner was in transit with the Bureau of Prisons and did not have a valid mailing address, the Court administratively terminated the matter until Petitioner's transit was complete. (ECF No. 5). To reopen his case, Petitioner filed a memorandum in support of his existing motion under 28 U.S.C. § 2255 on June 26, 2014. (ECF No. 10). Petitioner's motion is presently before the Court.

## DISCUSSION

### A. Legal Standards

Under 28 U.S.C. § 2255, a prisoner in federal custody may move to vacate, correct, or set aside his sentence if it was "imposed in violation of the Constitution or laws of the United States." *See U.S. v. Seeley*, 574 Fed. App'x 75, 78 (3d Cir. 2014) (quoting 28 U.S.C. § 2255(a)). Here, Petitioner claims a violation of two Sixth Amendment rights: his right to counsel and his right to a jury trial. A defendant seeking to show that his counsel was constitutionally ineffective must meet a "highly demanding" standard. *Lockhard v. Fretwell*, 506 U.S. 364, 378 (1993). To prevail on a claim of ineffective assistance of counsel, the defendant must show: 1) his counsel's performance fell below an objective standard of reasonable professional assistance; and 2) that counsel's deficient performance prejudiced the defense, meaning there is a reasonable probability that, but for counsel's unprofessional errors, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984).

To show that his right to a jury trial has been denied, a defendant must show that a judge determined a fact that increased the penalty for defendant's crime, rather than submitting that fact for decision by a jury. "Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne v.*

*United States*, 133 S. Ct. 2151, 2155 (2013); *see also Apprendi v. New Jersey*, 530 U.S. 466 (2000).

    B. Analysis

    Petitioner moves to vacate, set aside, or correct his sentence on two grounds. First, Petitioner argues he was denied effective assistance of counsel. While Plaintiff makes a variety of criticisms of his attorney, his brief makes four main points: Petitioner claims that his attorney (a) failed to investigate Petitioner's case; (b) failed to argue for a downward departure despite having been asked to do so by Petitioner; (c) failed to file an appeal despite having been asked to do so by Petitioner; and (d) badgered Petitioner into accepting a bad plea bargain. (Pet'r's Mem. in Supp. of Existing Mot. under 28 U.S.C. § 2255, ECF No. 10). Second, Petitioner argues that he was denied the right to a jury trial. Petitioner claims that the Court used the fact that 28 guns were involved in the offense as a sentencing factor when only one gun was specified in the indictment. (Pet'r's Mot. under 28 U.S.C. § 2255, ECF No. 1). Petitioner argues that this was an error because facts that increase the penalty for a crime must be given to a jury and proven beyond a reasonable doubt. *Id.*

    As to Petitioner's claim that he was denied the effective assistance of counsel, Petitioner does not show that his attorney's performance fell below an objective standard of reasonable professional assistance or that Petitioner was prejudiced by his attorney's performance. The Court will first address Petitioner's claims that his attorney failed to argue for a downward departure and failed to appeal, despite having been asked to do so by Plaintiff. As part of the Plea Agreement, Petitioner agreed not to argue for a downward departure beyond the agreed-upon range of offense level 27. Petitioner was bound by this agreement, and so it was reasonable for his attorney not to argue for any additional downward departure at the time of sentencing.

*See, e.g.*, *United States v. Hidalgo*, 262 F. App'x 453, 455 (3d Cir. 2008) (counsel's performance in failing to argue for a downward departure was not deficient where defendant's plea agreement precluded trial counsel from so arguing); *Hill v. United States*, No. 09-5728, 2014 WL 310200, at *3 (D.N.J. Jan. 27, 2014) (same); *Garnes v. United States*, No. 10-551, 2010 WL 3323806, at *3 (D.N.J. Aug. 20, 2010) (same).

Petitioner also agreed not to appeal any sentence at or below level 27. Courts in the Third Circuit will uphold such waivers as long as the waiver was entered into knowingly and voluntarily and the waiver does not work a miscarriage of justice. *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001); *see also, e.g.*, *United States v. Fazio*, 795 F.3d 421, 425 (3d Cir. 2015); *United States v. Erwin*, 765 F.3d 219, 225 (3d Cir. 2014), *cert. denied*, 136 S. Ct. 400 (2015). The record establishes that Petitioner entered into the Plea Agreement knowingly and voluntarily: the waiver is clearly described in the stipulations of the Plea Agreement, and during Petitioner's plea hearing, Petitioner stated to this Court that he read and understood all of the stipulations in the Plea Agreement and had discussed them with his attorney. (Plea Agreement with Rickie Joe Rakes, Jr. ¶ 16, Ex. 1; Tr. of Plea Hr'g 11-13, Ex. 2). Moreover, there are no unusual circumstances to suggest that enforcing the waiver in this case would result in a miscarriage of justice. *See Khattak*, 273 F.3d at 562; *see also Muller v. Sauers*, 523 F. App'x 110, 112 (3d Cir. 2013) (finding that enforcing a waiver would not work a miscarriage of justice where defendant's waiver of his collateral-attack rights was conditioned on his sentence not exceeding the maximum range set forth in the plea agreement, and his subsequent sentence did not exceed that range). Therefore, the waiver is enforceable.

Petitioner was sentenced below the range of offense level 27, in fact being sentenced at the equivalent of level 23. Therefore, Petitioner's sentence falls within the scope of his

agreement not to appeal the sentence. Because Petitioner's sentence fell within the scope of his agreement, and the waiver is enforceable, it was reasonable for Petitioner's attorney to refrain from filing an appeal. *See United States v. Mabry*, 536 F.3d 231, 240 (3d Cir. 2008) (finding that where there is a total appellate and collateral waiver, counsel's duty to protect his client's interest militates against filing an appeal which could cost the client the benefit of the plea bargain against his best interest).

     Petitioner also claims that his attorney failed to investigate his case, and that his attorney badgered him into accepting an unfavorable plea deal. However, Petitioner has not shown that these alleged errors prejudiced him in any way. At the time of Petitioner's arrest, the Government had several audio recordings supporting the charges against him. Even before his attorney was appointed, Petitioner confessed to his crimes and began cooperating with the Government. Given the strong evidence supporting the charges against Petitioner, and the likelihood that additional cooperation could lead to a lower sentence, pursuing the plea bargain appears to have helped, rather than hindered, Petitioner. This suggests that Petitioner was not prejudiced. *See, e.g.*, *McKnight v. United States*, 27 F. Supp. 3d 575, 589 (D.N.J. 2014) ("[W]hen the defendant does not deny his involvement in the crime he [pled] guilty to, his failure to disavow those charges supports a finding that he would have been convicted had the case gone to trial and his plea did not cause him prejudice.") (internal citation omitted); *Shotts v. Wetzel*, 724 F.3d 364 (3d Cir. 2013) (counsel's performance in failing to conduct discovery prior to advising defendant to plead guilty was not deficient in light of defendant's substantial confessions to police). Consequently, Petitioner has not shown that but for counsel's alleged unprofessional errors, the outcome would have been different. As such, Petitioner has not

established that he was denied the effective assistance of counsel, and his motion must be denied as to this claim.

Petitioner also claims that his sentence denied him the right to a jury trial, because the Court used the fact that 28 guns were involved in the offense to increase Petitioner's sentence when only one gun was specified in the indictment. This claim must be denied as barred by Petitioner's plea agreement and without merit. First, Petitioner's claim is barred by the terms of the Plea Agreement. As part of the Plea Agreement, Petitioner waived his right to appeal or collaterally attack any sentence imposed if the sentence fell within or below offense level 27. (Plea Agreement with Rickie Joe Rakes, Jr. ¶ 16, Ex. 1). Because Petitioner's sentence is below the range of offense level 27, Petitioner's sentence falls within the scope of the waiver he agreed to in the Plea Agreement. As discussed above, Petitioner's agreement not to appeal or collaterally attack his sentence is enforceable. The record suggests that Petitioner entered into the Plea Agreement knowingly and voluntarily. And there are no unusual circumstances to suggest that enforcing the waiver in this case would result in a miscarriage of justice. Considering this, Petitioner's claim is barred by Petitioner's agreement not to collaterally attack his sentence.

Even if the Court were to consider Petitioner's claim, it would fail. Petitioner argues that his sentence violates his right to a jury trial because the sentence was enhanced on the basis of facts to which Petitioner stipulated, but which were not charged in the indictment. But the Third Circuit has held that where a defendant stipulates to a fact, the defendant's right to a jury trial is not implicated because were the issues to go before a jury, the jury would be bound by that stipulation. *Garrus v. Sec'y of Pennsylvania Dep't of Corr.*, 694 F.3d 394, 406 (3d Cir. 2012) (citing *Blakely v. Washington,* 542 U.S. 296, 310 (2004)); *United States v. Chatman*, 487 F.

App'x 769, 772 (3d Cir. 2012) (citing same).  Here, Petitioner stipulated to the quantity of guns in the Plea Agreement, so a jury would be bound by this fact.  This means that Petitioner's right to a jury trial is not implicated.  Therefore, Petitioner's motion must be denied as to the denial of Petitioner's right to a jury trial.

## CONCLUSION

For the reasons stated above, Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence will be denied.  An appropriate order follows.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.